# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JAMES CHANEY, JR.,
ADC #158270                                                                                          PLAINTIFF

V.                                    4:18CV00478-BSM-JTK

ASA HUTCHINSON, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.	Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.   Introduction**

Plaintiff, a state inmate incarcerated at the North Central Unit of the Arkansas Department of Correction (ADC), was granted in forma pauperis status in this action filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that Defendants continuously deny him parole due to his designation as a level 3 or 4 sex offender. Plaintiff asks for monetary and injunctive relief from the Defendants.

**II.   Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Analysis

Plaintiff complains that Defendants continue his incarceration based on his designation as a level 3 or 4 sex offender, despite the fact that the crime occurred twenty years ago. (Doc. No. 2, p. 5) He also complains Defendants deny him access to certain programs, work release, and transitional living facilities; that they impose tough restrictions on sex offenders; that they use erroneous information during the assessment process and assign levels with disregard to treatment, time, and circumstances surrounding the crime. (Id., pp. 5-7) Plaintiff asks for damages and release from prison. (Id., p. 10)

Having reviewed Plaintiff's complaint, the Court finds it should be dismissed for failure to state a claim. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). See also Munson v. Norris, 435 F.3d 877, 879 (8th Cir. 2006), where the Court upheld a ruling that requiring an Arkansas prisoner to complete the RSVP program prior to receiving parole did not

4

violate due process, because the prisoner did not have a constitutional right to conditional release prior to the expiration of his sentence.

Since there is no constitutional or inherent right of a convicted person to parole, Plaintiff does not demonstrate denial of a federally-protected right, as required in 42 U.S.C. 1983 actions. Matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. State courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined.  Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987). The Arkansas Parole statute, ARK. CODE ANN. § 16-93-201-206 (LEXISNEXIS 2008), establishes only the possibility of parole.   Nothing in the Arkansas statutes creates a right of an inmate to release on parole which would invoke due process protection. Robinson v. Mabry, 476 F.Supp. 1022, 1023 (E.D.AR 1979). In addition, parole officials are entitled to consider many factors in their determination of whether to grant parole, including prior criminal history and number of offenses, and may also fix the time and conditions of the parole.   Plaintiff also does not have a constitutional right or liberty interest in a particular classification level. Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994). Therefore, a claim that Defendants violated a liberty interest in parole must fail, as it does not state a claim for relief.

The Court also finds Plaintiff's request for injunctive relief is a request for release or a shortening of the duration of his confinement, and therefore, the appropriate cause of

action should be one for habeas corpus relief. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). State remedies must be exhausted when a federal decision might indirectly lead to a change in the duration of confinement by requiring reconsideration of a prisoner's status. Offet v. Solem, 823 F.2d 1256, 1261(8th Cir. 1987).

Plaintiff's request for damages falls within the meaning of Heck v. Humphrey, 512 U.S. 477 (1994), and should be dismissed. In Heck, the United States Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. As noted earlier, an action attacking the validity of one's parole calls into question the fact and duration of confinement, and must be raised in a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, after exhaustion of state remedies. See Lindsey v. Wells, 901 F.2d 96 (8th Cir. 1990). It does not appear from the record that plaintiff has exhausted his state remedies with respect to this attack on his confinement. Should he ultimately succeed in challenging the legality of the Parole Board's decision and his continued confinement through appropriate state procedures, he may refile his complaint for damages. Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995).

**IV.　Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.  Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.  The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 25th day of July, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.